UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

-vs-                                                Case No.  2:05-cv-148-FtM-33SPC

KENNETH STENZEL,

                Defendant.
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      This matter comes before the Court on the Plaintiff United States of America's Motion for Entry of a Default Judgment or in the Alternative for Summary Judgment Against Kenneth Stenzel (Doc. # 13) filed on August 16, 2005.

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by the civil rules, and that fact is made to appear by affidavit or otherwise, the clerk enters a default. GMCA Commercial Mortgage Corp. v. Maitland Hotel, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (citing Fed. R. Civ. P. 55(a)).  Rule 55(b) further provides that judgment by default may be entered as follows:

> (2) By the Court.  In all other cases the party entitled to a judgment by default shall apply to the court thereof; but no judgement by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein.  If the party against whom judgment by default is sought has appeared therein.  If the party against whom judgment by default is sought has appeared in the action, the party (or if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such

>application. If in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right or trial by jury to the parties when and as required by any statute of the United States.

Fed. R. Civ. P. 55(b)(2).

Mere entry of default by the Clerk does not in itself warrant entry of default judgment by the federal district court; rather, the court must find that there is sufficient basis in pleadings for judgment to be entered. GMCA Commercial Mortgage Corp. v. Maitland Hotel, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002). A default judgment has the effect of establishing as fact the plaintiff's well-pleaded allegations of fact, and bars the defendant from contesting those facts on appeal. Id. (citing Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987). In the instant case the Defendant Kenneth Stenzel has not entered an appearance to answer or defend the action by any motion thus service of three days notice of the Plaintiff's Motion upon the Defendant is not required.

On April 7, 2005, the Plaintiff filed a complaint against the Defendant to reduce to judgment the Defendant's outstanding federal tax liabilities for the taxable years 1981, 1982, 1983, and 1984. The Defendant was given notice and demand of payment by the Plaintiff of the assessed outstanding tax obligations totaling $718,946.78 plus interest and statutory additions thereafter as provided for by law for the above listed taxable years. Kenneth Stenzel filed a Chapter 7 bankruptcy petition and was granted discharge on July 27, 2000. The bankruptcy case closed on March 30, 2004. On June 30, 2005, the Clerk of the Court entered a default against the Defendant. Thirty days passed without the Defendant filing a response to the Clerk's Default. On August 26, 2005, the District Court directed the Plaintiff to either file a motion for default judgment or drop the charges. The Plaintiff responded with the instant Motion.

Since the Defendant has failed to appear or otherwise defend this action as required by the Federal Rules of Civil Procedure, and no evidence exists to establish that the Defendant is incompetent and he is not a minor child, it is respectfully recommended that default judgment should be entered against the Defendant Kenneth Stenzel. Accepting the allegations made by the Plaintiff in the Complaint as true, the Defendant owes $718,946.78 plus interest and statutory additions from such date under the rate provided under 28 U.S.C. § 1961(c)(1) and 26 U.S.C. § 6621. Pursuant to the Plaintiff's Motion the interest and statutory additions, the sum total of the Defendant's outstanding tax liability is $1,475,232.24.

Accordingly, it is now

**RECOMMENDED:**

The Plaintiff United States of America's Motion for Entry of a Default Judgment or in the Alternative for Summary Judgment Against Kenneth Stenzel (Doc. # 13) should be **GRANTED**. It is further recommended that the Clerk enter a final judgment against the Defendant in the amount of **$1,475,232.24 plus interest as it accrues.**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended at Fort Myers, Florida, this __17th__ day of August, 2005.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record